FILED
CLERK, U.S. DISTRICT COURT

February 13, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KH_____ DEPUTY

I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:        DATE:   DEPUTY CLERK:

| Petitioner | 2/13/15 | klh |

CV69 also mailed

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MAURICE WALKER,                          ) Case No. CV 15-0951-MMM (RNB)
                                         )
                    Petitioner,          )
                                         )
        vs.                              ) ORDER DISMISSING PETITION WITH
                                         ) LEAVE TO AMEND
THE PEOPLE OF THE STATE                  )
OF CALIFORNIA,                           )
                                         )
                    Respondent.          )
_____ )

Petitioner, who currently is confined at California State Prison-Los Angeles County in Lancaster, filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein on February 10, 2015. The Petition purports to be directed to a 2012 judgment of conviction sustained by petitioner in Los Angeles County Superior Court Case No. BA398731.

The Court's review of the Petition reveals that it suffers from the following deficiencies.

1. The Petition improperly names the People of the State of California as the respondent. The People of the State of California is not a proper party in this proceeding. The only appropriate respondent is petitioner's immediate custodian at his current place of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L.

1

Ed. 2d 513 (2004); <u>see also</u> 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto; <u>Hogan v. Hanks</u>, 97 F.3d 189, 190 (7th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1171 (1997).

2. The Petition has not been submitted on either the national form appended to the Habeas Rules or the form currently approved and supplied by the Central District of California for habeas petitions brought by prisoners in state custody. <u>See</u> Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); <u>see also</u> Central District of California Local Rule 83-16.1. Instead, the Petition was improperly submitted on a habeas form that has not been in effect for several years.

3. Petitioner checked off the "No" box in response to the question asking whether, other than a direct appeal, he previously had filed any petitions, applications or motions with respect to his conviction in any court, state or federal. However, petitioner attached to the Petition a copy of a California Supreme Court order denying a habeas petition he had filed. Moreover, it appears from the California Appellate Courts website that petitioner filed three habeas petitions in the California Court of Appeal relating to his conviction and/or sentence in Los Angeles County Superior Court Case No. BA398731. Thus, it is clear that the Petition has not been properly or completely filled out by petitioner.

4. Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the

1   United States.  See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct.

2   475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal

3   court is limited to deciding whether a conviction violated the

4   Constitution, laws, or treaties of the United States."); Smith v. Phillips,

5   455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally

6   issued writ of habeas corpus, of course, reaches only convictions

7   obtained in violation of some provision of the United States

8   Constitution.").  Here, Grounds one, three, and four are not framed as

9   federal constitutional claims.  Moreover, to the extent petitioner appears

10  to be claiming that his sentence was imposed in violation of California

11  law, such claim is not cognizable on federal habeas review because it

12  involves solely the interpretation and/or application of state sentencing

13  law.  See, e.g., Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994);

14  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.), cert. denied,

15  514 U.S. 1026 (1995); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir.

16  1993); Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989); Miller

17  v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).  Finally, although

18  petitioner appears to be contending in his accompanying memorandum

19  of points and authorities that he received ineffective assistance of both

20  trial counsel and appellate counsel, he did not separately allege any

21  ineffective assistance of counsel claims in the grounds for relief section

22  of the Petition.

23      5.    Under 28 U.S.C. § 2254(b), habeas relief may not be

24  granted unless petitioner has exhausted the remedies available in the

25  courts of the State.[1]  Exhaustion requires that the prisoner's contentions

27  [1]    The habeas statute now explicitly provides that a habeas petition brought

28  (continued...)

3

be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, petitioner has not met this burden because he did not list any California Supreme Court filings in ¶ 7 of the Petition or attach to the Petition a copy of his California Supreme Court habeas petition.

6.     Petitioner failed to sign and date the Petition on page 7. Thus, the Petition is not properly verified, as required by 28 U.S.C. § 2242, Rule 2(c) of the Rules Governing Section 2254 Cases in the

---

[1](...continued)
by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

United States District Courts. <u>See also</u> Central District of California Local Rule 83-16.2.

For the foregoing reasons, the Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above on or before **March 23, 2015**. The clerk is directed to send petitioner a blank Central District habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 8 of the habeas petition form and not include any additional claims.) If petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

//
//
//
//
//

Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED:  February 13, 2015

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

6